```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EDWARD BARNES,                         :

                Plaintiff,             :    16 Civ. 6044 (GBD)(HBP)

   -against-                           :    REPORT AND
                                            RECOMMENDATION
THE CITY OF NEW YORK, et al.,          :

                Defendants.            :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,

By notice of motion dated January 18, 2017 (Docket Item ("D.I.") 19), defendant the City of New York (the "City"), and only the City, moves to dismiss the Second Amended Complaint for failure to state a claim on which relief can be granted to the extent the Second Amended Complaint purports to state a claim against the City. For the reasons set forth below, I respectfully recommend that the City's motion be granted.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, who is proceeding pro se, alleges that on or about April 19, 2015, he was stopped by New York City Police Officers Joseph Carolan and Joseph Fratto for no reason.

Plaintiff alleges that the police officers demanded identification and demanded that plaintiff empty his pockets. Plaintiff was subsequently arrested and charged with criminal possession of a weapon in the third degree in violation of New York Penal Law Section 265.02 based on his possession of a knife that was issued to him by his employer, the New York City Department of Small Business Services. The knife was issued to plaintiff to enable him to perform his job duties. which included opening shipping boxes.

The City seeks to the dismiss the Second Amended Complaint as to it on the ground that plaintiff has not stated a claim for municipal liability pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). As noted above, the individual defendants -- Carolan and Fratto -- have not moved against the Second Amended Complaint.

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

For many years, the law was well settled that a municipality

not a "person" within the meaning of Section 1983 and could not, therefore, be sued pursuant to Section 1983. City of Kenosha v. Bruno, 412 U.S. 507, 513 (1973); Monroe v. Pape, 365 U.S. 167, 187-92 (1961). Monell v. Dep't of Soc. Servs., supra, 436 U.S. 658, overruled these precedents and held that a municipality could be sued for a violation of an individual's constitutional rights when that violation was the product of a municipality's custom or policy. A municipality may not, however, be held liable under Section 1983 simply because it employed an individual who violated an individual's federal rights. Monell v. Dep't of Soc. Servs., supra, 436 U.S. at 691; see Sankar v. City of New York, 867 F. Supp. 2d 297, 308 (E.D.N.Y. 2012) ("[M]unicipal liability cannot be predicated only upon the isolated unconstitutional acts of individual officers.").

Although a municipality may theoretically be held liable under Section 1983, a plaintiff seeking to impose such liability must allege plausible facts which, if true, would establish that plaintiff's injury was the result of a municipal policy or custom.

> In order to allege such a policy or custom, a plaintiff may assert one of the following:
>
> > (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the

> alleged violation of plaintiff's civil rights; (3)
> a practice so persistent and widespread that it
> constitutes a custom of which constructive
> knowledge can be implied on the part of the
> policymaking officials; or (4) a failure by
> policymakers to properly train or supervise their
> subordinates, amounting to 'deliberate
> indifference' to the rights of those who come in
> contact with the municipal employees.
>
> Saenz v. Lucas, No. 07 Civ. 10534 (WCC), 2008 WL
> 2735867, at *5 (S.D.N.Y. July 9, 2008) (emphasis
> added); accord Connick v. Thompson, --- U.S. ---, ---,
> 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) ("In
> limited circumstances, a local government's decision
> not to train certain employees about their legal duty
> to avoid violating citizens' rights may rise to the
> level of an official government policy for purposes of
> § 1983."); Usavage v. Port Authority of New York and
> New Jersey, No. 10 Civ. 8219 (JPO), 2013 WL 1197774, at
> *20 (S.D.N.Y. Mar. 26, 2013) (the "failure to train
> theory of liability requires proof of 'deliberate
> indifference to the rights of persons with whom the
> [employees] come into contact.'" (quoting City of
> Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197,
> 103 L.Ed.2d 412 (1989)). In other words, "boilerplate"
> allegations will not suffice. Id. (citation omitted).

Guzman v. United States, 11 Civ. 5834 (JPO), 2013 WL 5018553 at *3 (S.D.N.Y. Sept. 13, 2013) (Oetken, D.J.) (emphasis in original); accord Case v. City of New York, 14 Civ. 9148 (AT)(RLE), 2017 WL 571530 at *22 (S.D.N.Y. Feb. 10, 2017) (Torres, D.J.). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011), citing Oklahoma City v. Tuttle, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more

4

nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell").  The citation of newspaper articles or scholarly journals asserting defects in police training practices is not an adequate substitute for factual allegations demonstrating a failure to train so serious that it amounts to a policy or custom of deliberate indifference to the rights of the individuals with whom the police come in contact.  Marom v. City of New York, 15 Civ. 2017 (PKC), 2016 WL 916424 at *22 (S.D.N.Y. Mar. 7, 2016) (Castel, D.J.), modified on other grounds, 2016 WL 5900217 (S.D.N.Y. July 29, 2016).

The Second Amended Complaint simply contains no allegations of fact supporting the existence of a custom or policy under any of the four alternative theories set forth above.  It describes plaintiff's alleged interaction with the two individual police officers but does not contain any allegations remotely suggesting that the individual officers' alleged conduct was the product of a custom or policy of the City of New York.  In apparent opposition to the City's motion, plaintiff has submitted what appears to be a transcript of an Al Jazeera news story dated March 4, 2014 which claims that the New York City Police Department has a policy of assigning rookie police officers to high-crime areas and that such inexperienced police officers tend to overreact to perceived threats.  As a threshold

5

matter, I cannot consider this transcript in resolving the present motion. In resolving a motion to dismiss made pursuant to Rule 12(b)(6), a court can consider only the allegations in the complaint, facts that are judicially noticeable, exhibits attached to the complaint and documents that are "integral" to the complaint. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). The transcript of a news broadcast does not fit into any of these categories. See United States v. Friday, 525 F.3d 938, 958 n.10 (10th Cir. 2008). Moreover, even if I were to consider this news story, there are no allegations connecting the purported policy described in the transcript to the false arrest plaintiff alleges. Stated differently, the alleged "fact" that some rookie police officers overreact in some situations does not even suggest that plaintiff was arrested by rookie police officers who were overreacting as a result of a deficiency in their training.

Because plaintiff is proceeding pro se, I note that the granting of the City's motion will have little practical impact on the case. Plaintiff's claims against the individual defendants are not affected by the City's motion; a custom or policy is not an element of a Section 1983 claim against an individual police officer. In addition, in almost every false arrest case brought against a member of the New York City Police

6

Department that I have seen, the City itself pays any settlement or judgment. There may be some relatively minor procedural differences in the manner in which discovery is conducted, but the scope of discovery will not be affected by the granting of the motion.

Accordingly, for all the foregoing reasons, I respectfully recommend that the City's motion to dismiss the Second Amended Complaint be granted and that the action be dismissed against the City only.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 1310, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS

AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated: New York, New York
April 11, 2017

Respectfully submitted,

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies mailed/transmitted to:

Mr. Edward Barnes
Apt. 4-E
502 West 151st Street
New York, New York 10031

Debra M. March, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York 10007