UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EDWARD BARNES,

                Plaintiff,

        -against-

POLICE OFFICER JOSEPH CAROLAN;
N.Y.P.D. POLICE OFFICER JOSEPH FRATTO;
and THE CITY OF NEW YORK,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 6044 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Edward Barnes brought this action under 42 U.S.C. § 1983 against the City of New York and Police Officers Joseph Carolan and Joseph Fratto. (Second Am. Compl., ECF No. 14.) Plaintiff alleged that he was falsely detained, searched, and arrested by Carolan and Fratto while walking near his home on or about April 19, 2015. (*Id.* at 3.)

The City of New York moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, ECF No. 19.) Before this Court is Magistrate Judge Henry B. Pitman's April 11, 2017 Report and Recommendation ("Report," ECF No. 30), recommending that Defendant's motion to dismiss be granted.[1] This Court adopts that recommendation.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 7-8.) Neither party objected to the Report's recommendation to dismiss the action against the City only. Having found no clear error, this Court accepts that recommendation.

"A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, No. 13 Civ. 3180, 2015 WL 5472944, at *13 (S.D.N.Y. Sept. 16, 2015). In deciding a Rule 12(b)(6) motion, a court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). A court is "not, however, 'bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 555). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations omitted); *see also Sharma v. D'Silva*, 157 F. Supp. 3d 293, 300 (S.D.N.Y. 2016).

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY

The City of New York moved to dismiss the Second Amended Complaint on the ground that Barnes has not stated a claim for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691). "Boilerplate" assertions of an unconstitutional policy do not suffice. *Usavage v. Port Auth. of N.Y. & N.J.*, 932 F. Supp. 2d 575, 601 (S.D.N.Y. 2013).

The Report properly determined that the Second Amended Complaint omits any allegations of a custom or policy that could have caused Barnes' purported injuries. (Report at 5.) Instead, the Complaint describes Barnes's interaction with Police Officers Carolan and Fratto without

- 3 -

attributing their conduct to any custom or policy of the City of New York. (*Id.*) The Report notes that Plaintiff responded to the City's motion by submitting a news publication claiming that the New York City Police Department was reviewing its policy of assigning rookie police officers to high-crime areas. (*Id.*) However, Magistrate Judge Pitman properly concluded that it was not appropriate to consider that submission on a motion to dismiss, and that the submission does not change the *Monell* analysis. (*Id.* at 6.)

Because Barnes has not plausibly stated a *Monell* claim, the City should be dismissed from this action. Individual Defendants Carolan and Fratto have not moved against the Second Amended Complaint, and Plaintiff's claims against them are not affected by the City's motion.

### III. CONCLUSION

Magistrate Judge Pitman's Report and Recommendation is adopted. The City Defendant's motion to dismiss the Second Amended Complaint is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 19.

Dated: New York, New York
       May 3, 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge