UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EDWARD BARNES,

                        Plaintiff,

         -against-

NYPD POLICE OFFICERS JOSEPH CAROLAN,
TAX #953730, JOSEPH FRATTO, TAX #953882,
and THE CITY OF NEW YORK,

                       Defendants.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

16 Civ. 6044 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Edward Barnes brings this action under 42 U.S.C. § 1983 against police officers Joseph Carolan and Joseph Fratto, as well as the City of New York, for his allegedly unlawful detention, search, and arrest in April 2015. (Second Am. Compl., ECF No. 14.)

On December 28, 2017, Plaintiff filed a single-page "notice of motion for summary judgment" (the "Notice") without any accompanying affidavit or evidentiary material, before discovery had even commenced. (*See* Not. of Mot., ECF No, 45.) Before this Court is Magistrate Judge Henry Pitman's Report and Recommendation (Report, ECF No. 53), recommending that Plaintiff's motion be denied.[1] (Report at 5.) This Court ADOPTS that recommendation.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted). Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 5–6.) No objection to the Report has been filed.

A court "shall grant summary judgment if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c). "Where the movant fail[s] to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied . . . ." *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003) (internal quotations and citations omitted).

As the Report properly notes, Plaintiff "has submitted no evidence whatsoever" that Defendants violated his Fourth Amendment rights, aside from citing to portions of his own, unverified complaint in the Notice. (Report at 4.) Because Plaintiff's motion for summary judgment is not supported by any admissible evidence, Magistrate Judge Pitman's Report and Recommendation is ADOPTED, and Plaintiff's motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 54.

Dated: New York, New York
August 6, 2018

SO ORDERED.

GEORGE B. DANIELS
United States District Judge