# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

EDWARD BARNES,

                Plaintiff,

       -against-

POLICE OFFICER JOSEPH CAROLAN, and
POLICE OFFICER JOSEPH FRATTO

                Defendants.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

16 Civ. 6044 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Edward Barnes brings this action under 42 U.S.C. § 1983 against Defendants Police Officers Joseph Carolan and Joseph Fratto.[1] (Second Am. Compl. ("SAC"), ECF No. 14.) Plaintiff alleges that he was falsely detained, searched, and arrested by Defendants while walking near his home on or about April 19, 2015. (*Id.* at 3.) On October 1, 2018, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Notice of Mot., ECF No. 59.) Before this Court is Magistrate Judge Henry Pitman's July 8, 2019 Report and Recommendation ("Report"), recommending that Defendant's motion for summary judgment be granted. (ECF No. 72.) This Court adopts that recommendation.

## I. FACTUAL BACKGROUND[2]

Defendants stopped Plaintiff on or about April 19, 2015, on suspicion that he was consuming alcohol from an open container in violation of New York City Administrative Code

---

[1] This Court dismissed the City of New York on May 3, 2017 because Plaintiff failed to allege a sufficient *Monell* claim against it. *See Barnes v. Carolan*, 16 Civ. 6044 (GBD) (HBP), 2017 WL 1737660 at *2 (S.D.N.Y. May 3, 2017).

[2] The procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

Section 10-125(b). (Report at 2; SAC ¶ III; Def.'s Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Def.'s SUF"), ECF No. 60, ¶¶ 1, 8–11.) Specifically, Officer Carolan "observed [P]laintiff holding a glass bottle in a bag on a public street." (Report at 2; Aff. of Police Officer Joseph Carolan ("Carolan Aff."), ECF No. 63, ¶ 6.) Officer Carolan then "observed [P]laintiff attempt to screw the top back on the bottle[]" and "throw the bottle, still inside the bag, out in a garbage." (Report at 2; Carolan Aff. ¶¶ 8, 10.) Defendants suspected that Plaintiff was drinking beer, stopped him, and patted him down. (Report at 3; SAC ¶ III; Def.'s SUF ¶¶ 22–27.) Plaintiff has maintained he was drinking a non-alcoholic beverage. (Report at 3; SAC ¶ III; R. & R. Objs. ("Objs."), ECF No. 73, ¶ 1; Decl. of Debra March ("March Decl."), Ex. A. (Pl.'s Dep. Tr.), ECF No. 62-1, at 79:23–80:5.) During the stop, Officer Carolan found a gravity knife in Plaintiff's back pocket. (Report at 3; SAC ¶ III; Def's SUF ¶¶ 28–33.) Plaintiff was arrested, transported to the 30th police precinct, and charged with criminal possession of a weapon in the third degree, a violation of New York Penal Law Section 265.02(1).[3] (Report at 3; SAC ¶ III; Def.'s SUF ¶¶ 34–44.) Plaintiff received a desk appearance ticket and was released. (Report at 3; Def.'s SUF ¶ 45; March Decl., Ex. A at 92:17–25.)

The Report states that "Plaintiff does not dispute these facts and concedes that he was drinking from the open green glass bottle." (Report at 2–3; March Decl., Ex. A at 77:23–78:8.) In his objections to the Report, however, Plaintiff disputes that there was a brown bag on his bottle, and again insists that it was a non-alcoholic beverage. (Objs. ¶ 1.) He also denies that he was attempting to screw on the bottle's cap. (Objs. ¶ 2.)

Plaintiff maintains that Defendants lacked sufficient probable cause to stop, search, and arrest him. Plaintiff's sole argument in opposition to Defendants' summary judgment motion is

---

[3] The Report correctly notes that the prohibition on the possession of gravity knives was recently repealed in New York City. 2019 N.Y. Sess. Laws Ch. 34 (A. 5944).

that the bottle he was drinking from contained a "non-alcoholic beverage." (Objs. ¶ 1.) Defendants maintain that Plaintiff's stop, search, and arrest was lawful because they had probable cause to arrest Plaintiff for an open container, and search and then further arrest Plaintiff upon finding that he possessed an illegal gravity knife. (Report at 3.)

## II. LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). If no party files objections to a report and recommendation, the court "need only satisfy itself that there is no clear error on the face of the record." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 582 (S.D.N.Y. 2014) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). When a party has filed objections, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson*, 618 F. Supp. at 1189–90 (internal citation omitted); *see Raddatz*, 447 U.S. at 675–76.

Though portions of the Report to which a party objects are reviewed *de novo*, *see N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018), "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009); *see also Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009) (same). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction

that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and quotation marks omitted).

## B. Motion for Summary Judgment.

Summary judgment may be granted where there is no "genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *See Roberts v. Univ. of Rochester*, 573 F. App'x 29, 31 (2d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When considering a motion for summary judgment, the court is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Phillips v. DeAngelis*, 331 F. App'x 894, 894–95 (2d Cir. 2009) (quoting *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004)).

To defeat a motion for summary judgment, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn[.]" *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (quotation marks omitted). "Mere conclusory allegations, speculation, or conjecture will not avail a party resisting summary judgment." *Calderon v. Yale Univ.*, 75 F. App'x 35, 36 (2d Cir. 2003) (quoting *Conroy v. N.Y. St. Dep't of Correctional Servs.*, 333 F.3d 88, 94 (2d Cir. 2003)); *see also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (affirming dismissal of plaintiff's evidence as "too conclusory to withstand summary judgment").

## C. *Pro Se* Plaintiff.

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants [because *pro se* litigants] generally lack[] both legal training and experience and,

- 4 -

accordingly, [are] likely to forfeit important rights through inadvertence if [they are] not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, courts "liberally [construe] *pro se* submissions, interpreting them 'to raise the strongest arguments that they *suggest*.'" *Bryant v. Wright*, 451 F. App'x 12, 13–14 (2d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006)) (emphasis in original). "Nonetheless, even a *pro se* party's objections to a report and recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). Thus, to the extent that a *pro se* party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Id.*; *see also N.Y.C. Dist. Council of Carpenters Pension Fund*, 341 F. Supp. 3d at 336.

This Court liberally construes Plaintiff's submissions to raise five objections: (1) the Report's factual finding that Plaintiff was consuming an alcoholic beverage is incorrect because it was a non-alcoholic beverage; (2) the Report's factual finding that Plaintiff was carrying a gravity knife is incorrect because it was a utility knife; (3) the Report's factual finding that both a brown bag and bottle cap were present is incorrect; (4) Defendants were not from the local precinct and therefore acted improperly because they did not build a relationship with Plaintiff's community; and (5) the Report's legal finding of probable cause is incorrect because Defendants should have "look[ed] and see[n]" that Plaintiff did not have an alcoholic beverage. (*See generally* Objs.)

The first and second objections are perfunctory because Plaintiff made the same arguments before Magistrate Judge Pitman. *See Osborne v. Miller*, 557 F. Supp. 2d 435, 438–39 (S.D.N.Y. 2008) ("Reviewing courts should review a[n] [R. & R.] for clear error where objections are 'merely

perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citation omitted)). Therefore, having reviewed those findings in the Report for clear error, these objections are overruled.

In his third objection, Plaintiff attempts to relitigate a factual issue that he previously conceded before Magistrate Judge Pitman. *See Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC) (MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) ("a petitioner may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously"). In fact, Plaintiff explicitly admitted in his deposition and in the unchallenged statement of agreed material facts that "the bottle was in a brown paper bag" and that the "bottle had a screw off top." (Def.'s SUF ¶¶ 9–10; Pl's Depo. Tr. 80:8–21.) Accordingly, Plaintiff's objections are overruled because it is a well-settled rule "in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony." *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991); *see also Bright v. Coca-Cola Refreshments USA, Inc.*, 639 F. App'x 6, 8 (2d Cir. 2015) (finding that the plaintiff's new affidavits "did not amplify prior testimony[,]" instead, they "simply contradicted Plaintiffs' previous answers"); *Setevage v. Dep't of Homeland Sec.*, 539 F. App'x 11, 13 (2d Cir. 2013) (holding that even when a party argues that their deposition testimony was incorrect, "a party may not seek to create an issue of material fact to defeat a summary judgment motion by denying previously sworn statements." (citation omitted)).[4] Accordingly, this Court will review this finding in the Report for clear error.

---

[4] Plaintiff requests that his deposition be removed from consideration because Defendants' counsel asked him questions that were not germane to this case. (Letter from Edward Barnes to this Court on July 30, 2019, ECF No. 77.) But this objection is untimely because it was not filed within fourteen days of the Report. (*Id.*, Report at 15.)

The fourth objection does not point to a finding in the Report. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (a party's objections "must be specific and clearly aimed at particular findings" in the magistrate judge's report (citation omitted)). This objection is thus overruled.

Finally, in construing Plaintiff's objections to "raise the strongest arguments that they suggest[,]" *Triestman*, 470 F.3d at 474, this Court understands Plaintiff's fifth objection as a challenge to the Report's finding of probable cause. Accordingly, the Report's probable cause finding will be reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED

Under New York law,[5] "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification."[6] *Covington v. City of N.Y.*, 171 F.3d 117, 122 (2d Cir. 1999) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." *Jenkins v. City of N. Y.*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant*, 101 F.3d at 852). Probable cause exists "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins*, 478 F.3d at 84–

---

Even if it was timely, the exclusion of the deposition would not allow Plaintiff to alter his factual position. *See Trans-Orient Marine Corp.*, 925 F.2d at 572.

[5] The Second Circuit has held that a claim under 42 U.S.C. § 1983 "is substantially the same as a claim for false arrest under New York law." *Covington v. City of N. Y.*, 171 F.3d 117, 122 (2d Cir. 1999).

[6] Specifically, to establish a false arrest claim under New York law, the Plaintiff must show: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (citation omitted).

85 (quoting *Weyant*, 101 F.3d at 852). To determine whether "probable cause exists[,] courts 'must consider those facts available to the officer at the time of the arrest and immediately before it.'" *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996)).

A probable cause inquiry should "encompass 'plainly exculpatory evidence' alongside inculpatory evidence to ensure the court has a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest." *Stansbury v. Wertman*, 721 F.3d 84, 93 (2d Cir. 2013) (quoting *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012)). In this case, pursuant to this "totality of the circumstances" inquiry, the Report acknowledges that "there is a factual dispute as to whether plaintiff was actually drinking beer." (Report at 9.) Such a factual dispute, however, "is not necessarily an obstacle to granting summary judgment" (*Id.*) because the question is whether "the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." (Report at 14 (citing *Hoyos v. City of N.Y.*, 999 F. Supp. 2d 375, 385–86 (E.D.N.Y. 2013)).)

Here, the Report correctly found that the totality of the circumstances supports a finding that Officer Carolan had probable cause to stop Plaintiff. Officer Carolan patrolled Plaintiff's neighborhood for "approximately a year and a half." (*Id.* at 10; Carolan Decl. ¶ 3.) One of his primary responsibilities was "quality of life offenses in the community including public consumption of alcohol." (Report at 10; Carolan Decl. ¶ 5.) Therefore, Magistrate Judge Pitman correctly concluded that Officer Carolan's "training and experience" indicated that Plaintiff may be consuming alcohol from an open container when he observed Plaintiff drinking from an open green glass bottle in a paper bag. (Report at 10); *see United States v. Singletary*, 798 F.3d 55, 60–61 (2d Cir. 2015) (finding that "specific and articulable facts" including that defendant was "carrying a beer-sized can wrapped in a brown paper bag," provided a "sufficient particularized

and objective basis to suspect that criminal activity—in the form of an open-container violation—was afoot."). Accordingly, this Court agrees with the Report's finding that the facts "indicate that the arresting officer's probable cause determination was objectively reasonable." (Report at 14 (citation omitted)); *see also Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (noting that probable cause will be found when the officer's "knowledge or reasonably trustworthy information of facts and circumstances [are] sufficient to warrant a person of reasonable caution" to believe that the person is committing a crime).

This Court is not persuaded by Plaintiff's objection that Defendants did not have probable cause because they should have first checked and seen he had been drinking a non-alcoholic beverage. (Objs. ¶¶ 3, 5.) The Second Circuit recently reiterated that "once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Oquendo v. City of N.Y.*, No. 17-3961, 2019 WL 2323676, at *2 (2d Cir. May 31, 2019) (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)). Indeed, once an officer has probable cause, he or she is not required to continue investigating. *Oquendo*, 2019 WL 2323676, at *2 (quoting *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006)).

After a *de novo* review of the Report's probable cause analysis in response to Plaintiff's fifth objection, this Court agrees that Defendants' "probable cause determination was objectively reasonable." (Report at 14 (quoting *Jenkins*, 478 F.3d at 88).) Furthermore, after reviewing the remainder of the Report for clear error in light of Plaintiff's other objections, this Court finds none. Accordingly, Plaintiff's objections are OVERRULED and Defendants' motion for summary judgment as to Plaintiff's false arrest claim pursuant to § 1983 is GRANTED.

## IV. CONCLUSION

Magistrate Judge Pitman's Report and Recommendation is ADOPTED. Plaintiff's objections are OVERRULED. Defendants' motion for summary judgment, ECF No. 59, is GRANTED. The Clerk of Court is directed to close the motion and mail a copy of this memorandum decision and order to Plaintiff.


Dated: August 2, 2019
      New York, New York

                                                           SO ORDERED.

                                                       GEORGE B. DANIELS
                                                       United States District Judge